

U.S. COURT OF APPEALS
RECEIVED
CLERK
MAY 18 2026
ATLANTA, GA

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

**UNITED STATES OF AMERICA,**

Plaintiff–Appellee,

v.

**ROBERT H. RIVERNIDER,**

Defendant–Appellant, Pro Se.

Case No. 25-14369

**Appeal from the United States District Court**

**for the Middle District of Florida**

**D.C. Docket No. 5:24-cr-00138-TPB-PRL-1**

**RENEWED EMERGENCY MOTION FOR IMMEDIATE RELEASE PENDING APPEAL, TO EXPEDITE TRANSMISSION OF TRANSCRIPTS, AND FOR RELATED RELIEF**

Appellant Robert H. Rivernider, proceeding pro se, respectfully renews his Emergency Motion for Immediate Release Pending Appeal and requests expedited transmission of all completed transcripts and record materials necessary for meaningful appellate review.

This motion is renewed pursuant to the Court's Order entered April 23, 2026 reinstating this appeal.

1

## I. INTRODUCTION

This appeal concerns the legality of the district court's exercise of jurisdiction over Appellant's supervised release proceedings, the validity of the warrant issued in this matter, the reliability of the evidence relied upon by the district court, and the sentence ultimately imposed.

Appellant has now served approximately ten and one-half (10.5) months in custody since his arrest on June 24, 2025. During the revocation proceedings, the sentencing guideline range discussed by the parties and the district court was three (3) to nine (9) months. Appellant has therefore already served more time than the upper end of the guideline range.

The sentence in this matter was imposed on December 12, 2025. Nearly six months later, Appellant still has not received the transcripts necessary to prosecute this appeal.

According to communications from the court reporter and clerk's office, the transcripts have already been completed and are available for transmission once payment issues are processed. Funding for the transcripts has now been approved through the Criminal Justice Act ("CJA"). Appellant is informed that the June 25 proceedings were electronically completed and available.

Despite this, transcript deadlines have reportedly been extended until June 22/23, 2026.

At the current pace, the appeal may extend beyond the effective custodial portion of Appellant's sentence once good-conduct time and First Step Act credits are properly applied. Continued incarceration under these circumstances constitutes irreparable harm and risks rendering the appeal meaningless.

## II. GROUNDS FOR RELEASE PENDING APPEAL

2

A. The Appeal Raises Substantial Questions Regarding Jurisdiction

This appeal raises substantial questions regarding whether the Middle District of Florida ever lawfully obtained jurisdiction over Appellant's supervised release.

Appellant contends that the transfer of supervised release jurisdiction from the District of Connecticut to the Middle District of Florida was invalid because the District of Connecticut was not informed of pending alleged supervised release violations at the time transfer was requested and accepted.

The missing docket entries in the district court proceedings, specifically docket entries 2 through 7, may contain communications or representations relating to the transfer and warrant proceedings.

In addition, Appellant contends that supervised release had already expired prior to initiation of the revocation proceedings once First Step Act credits are properly applied to the aggregate sentence.

Appellant's supervised release began on May 14, 2020. Appellant contends that earned First Step Act credits from the original sentence reduced the effective expiration date of supervised release to approximately September 2024, prior to the challenged transfer proceedings and alleged violations.

The appeal therefore presents substantial jurisdictional questions directly affecting the legality of the revocation proceedings.

B. The Appeal Raises Substantial Questions Regarding Reliability of Evidence and Witness Credibility

The revocation proceedings depended substantially upon testimony and representations made by Probation Officer Padilla.

Appellant previously filed motions establishing that Probation Officer Padilla made materially inconsistent statements regarding a purported letter allegedly left for Appellant.

Specifically, the probation officer claimed that the letter central to the alleged supervised release violations had been attached to an email communication. Appellant subsequently demonstrated that the referenced email did not contain the alleged attachment.

The transcripts are therefore critical because they will establish the exact testimony provided by the probation officer and whether materially false statements were presented to the district court.

Appellant further contends that statements relied upon during sentencing were materially false or misleading, including:

1. statements regarding the underlying Connecticut case;

2. assertions that Appellant "stole $21 million"; and

3. the Government's assertion in district court docket entry 78, page 5, that Appellant "simultaneously purchased two vehicles."

Appellant disputes these assertions and contends they materially affected the sentence imposed.

4

Appellant further contends that losses associated with the underlying Connecticut case were substantially impacted by the collapse of the real estate market during the 2008 financial crisis, rather than theft of funds as characterized during sentencing.

C. The Gladson Letter and Other Undisclosed Materials

During the revocation and sentencing proceedings, the district court referenced correspondence from Florida State Attorney William Gladson.

That letter has never been produced to Appellant despite apparent reliance upon it during sentencing.

Because the sentence imposed was thirty-six (36) months despite a guideline range of three (3) to nine (9) months, the contents of this correspondence are material to the appeal.

D. Delay in Production of Transcripts and Record Materials

According to communications received from the court reporter and clerk's office, the transcripts necessary for this appeal have already been completed.

Appellant has been informed that the transcripts are available and would be transmitted upon payment.

Funding through the Criminal Justice Act has now been approved. Nevertheless, transmission of the transcripts continues to be delayed.

Appellant has also been informed that transcript deadlines have been extended until June 22/23, 2026.

The continued delay is causing substantial prejudice while Appellant remains incarcerated.

If transcripts are already available, the Court should order immediate transmission of all completed transcripts without further delay so that this appeal may proceed.

Appellant is concerned that prolonged delays in production of transcripts central to the jurisdictional and sentencing issues raised on appeal may impair Appellant's ability to obtain timely and meaningful appellate review.

E. Documentary Evidence Establishes the Transcripts Were Already Available

Appellant has now obtained documentary evidence demonstrating that the transcripts in this appeal were substantially completed and available well before the most recent extension request filed in this Court.

Specifically, on April 3, 2026, the official court reporter advised Appellant's family member in writing that the transcripts from the July 9, 2025, October 24, 2025, and December 12, 2025 proceedings were available upon payment.

The court reporter further represented that the proceedings totaled approximately 175 pages and stated:

"As soon as I receive payment, I will begin transcribing the proceedings and will complete the transcript(s) in 30 days or less."

Appellant was subsequently informed that Criminal Justice Act funding for the transcripts had been approved.

6

Despite this, an Application for Extension of Time to File Transcript was later filed in this appeal extending transcript deadlines until June 22/23, 2026.

As a result, nearly six months after sentencing, Appellant still does not possess the transcripts necessary to prosecute this appeal while remaining incarcerated.

To the extent transcripts or portions thereof have already been completed, Appellant respectfully requests that the Court order immediate transmission of all completed transcripts without awaiting additional extension deadlines.

Appellant further requests preservation and transmission of the complete and unaltered record in this matter. The prolonged delay in producing transcripts central to the jurisdictional and sentencing issues raised on appeal creates substantial concern regarding Appellant's ability to obtain timely and meaningful appellate review before the sentence is effectively served.

F. Request for Preservation and Production of Unredacted Transcripts

Prior to sentencing on December 12, 2025, while housed at Marion County Jail, Appellant received correspondence from the Clerk's Office indicating that parties could request redactions relating to transcripts in this matter.

Because the transcripts in this appeal directly concern the jurisdictional issues, witness testimony, sentencing proceedings, and statements relied upon by the district court, Appellant respectfully requests preservation and production of the complete and unredacted transcripts and appellate record.

7

Appellant further requests that, to the extent any party, agency, or individual requested or proposed redactions relating to transcripts or record materials in this case, Appellant be notified regarding the nature and scope of such requested redactions.

The transcripts are central to Appellant's claims regarding jurisdiction, the validity of the warrant proceedings, the testimony of Probation Officer Padilla, and the factual basis relied upon during sentencing.

Accordingly, preservation and production of a complete and unaltered appellate record is necessary to ensure meaningful appellate review.

G. Irreparable Harm and Need for Immediate Release

Appellant has now served approximately ten and one-half months in custody for alleged technical violations.

The sentencing guideline range referenced during the proceedings was three (3) to nine (9) months.

The continued delay in producing transcripts and completing the record threatens to moot meaningful appellate review because Appellant may complete the effective custodial portion of the sentence before the appeal can be adjudicated.

Once good-conduct time and First Step Act credits are properly applied, Appellant contends the remaining custodial exposure is substantially reduced.

Appellant also has severely limited access to legal materials and transcript review while incarcerated, substantially impairing his ability to prosecute the appeal.

Under these circumstances, continued incarceration pending appeal is unjust and unnecessary.

## III. REQUEST FOR RELIEF

WHEREFORE, Appellant respectfully requests that this Court:

1.  Grant immediate release pending appeal;

2.  Order immediate transmission of all completed transcripts currently available;

3.  Order the district court to immediately authorize and transmit any remaining approved CJA payments necessary for release of transcripts;

4.  Order production of the complete appellate record, including docket entries 2 through 7 and all materials relied upon by the district court;

5.  Order production of any correspondence or submissions from Florida State Attorney William Gladson;

6.  Order certification regarding whether any ex parte communications or proceedings occurred relating to issuance of the arrest warrant;

7.  Expedite consideration of this appeal and all related motions;

8.  Order immediate transmission of any completed transcripts currently in existence and preservation of the complete and unaltered appellate record;

9.  Order preservation and production of complete unredacted transcripts and require disclosure of any requested or proposed transcript redactions relating to this appeal; and

10. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

Robert H. Rivernider

*Robert Henry Rivernider, Jr*
ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

With Permission


Appellant, Pro Se


Reg. No. 96006-004
FCI Beckley Satellite Camp
P.O. Box 350
Beaver, West Virginia 25813

Date: May 11, 2026


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Renewed Emergency Motion for Immediate Release Pending Appeal, to Expedite Transmission of Transcripts, and for Related Relief was placed in the US Mail on this 11th day of May, 2026, addressed to:

Office of the United States Attorney
Middle District of Florida

Robert H. Rivernider
Appellant, Pro Se

Robert Rwernider
14 S. Bobwhite Rd
Wildwood FL 34785

ORLANDO FL 328

13 MAY 2026 PM 2 L

UNITED STATES
OF AMERICA
FOREVER/USA

U.S. Court of Appeals
for the 91th Circuit
Clerk of the Court
56 Forsyth St. NW
Atlanta GA 30303

CLEARED SECURITY

MAY 18 2026

U.S. MARSHALS SERVICE
11th Circuit Court of Appeals (COA)

30303-229599