No. 25-14369-J

In the
# United States Court of Appeals
## for the Eleventh Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

ROBERT H. RIVERNIDER,

*Defendant-Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 5:24-CR-138-TPB-PRL-1

## UNITED STATES' RESPONSE IN OPPOSITION TO APPELLANT'S "RENEWED EMERGENCY MOTION"

GREGORY W. KEHOE
United States Attorney

EMILY C. L. CHANG
Assistant United States Attorney
Appellate Division

SEAN SIEKKINEN
Assistant United States Attorney
Appellate Division
USA No. 192
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
June 4, 2026                    (813) 274-6000

# In the United States Court of Appeals
# for the Eleventh Circuit

---

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee*,

v.            No. 25-14369-J

ROBERT H. RIVERNIDER,
 *Defendant-Appellant*

---

### United States' Response in Opposition to Appellant's "Renewed Emergency Motion"

For the following reasons, the United States opposes *pro se* appellant Robert H. Rivernider's "Renewed Emergency Motion" seeking release pending appeal and other relief (App. Doc. 35).

### Course of Proceedings

In 2013, the United States District Court for the District of Connecticut sentenced Rivernider to 144 months' imprisonment on 18 counts of wire fraud. *See* Doc. 47 at 14–15 (original judgment, included in superseding revocation packet). In May 2020, after Rivernider had served about seven years of his term of imprisonment, the district court granted him early release due to the COVID-19 pandemic, and he began serving a five-year term of supervised release. *Id*. at 12. In March 2024, Rivernider "established himself in Florida" and the district court transferred jurisdiction to the Middle District of Florida.

*See* Doc. 1.

In January 2025, the United States Probation Office charged Rivernider with having violated the terms of his supervised release by failing to report to his probation officer, failing to make restitution payments, and failing to provide information requested by his probation officer. *See* Doc. 6 at 2 (initial revocation packet). Those violations allegedly occurred between May and November 2024. *Id.* In August 2025, the probation office filed a superseding petition alleging that Rivernider had committed a fourth violation, in December 2024, by obtaining an auto loan without his probation officer's permission. *See* Doc. 47 at 2.

The district court found Rivernider guilty of three violations (failing to report, failing to disclose required information, and obtaining a loan without approval), revoked his supervised release, and sentenced him to three years' imprisonment. *See* Doc. 115 (revocation judgment).

Meanwhile, a jury in Florida convicted Rivernider of having committed felony voter fraud (while on federal supervised release). *See State v. Rivernider*, __ So.3d__, 2026 WL 1261649, at *1 (Fla. Dist. Ct. App. May 8, 2026); Doc. 47 at 5. A Florida appellate court recently found that his state sentence was illegally short, vacated it, and remanded for resentencing. *Id.* at *2. Rivernider faces up to 15 years in prison for that conviction, *id.* at *1, separate and aside

from his federal supervised-release-revocation sentence.

Back in federal court, Rivernider filed a *pro se* notice of appeal (Doc. 119) and a *pro se* motion to allow him to "prepare [his own] appellate filings," either by granting him release pending appeal or by giving him "access to [his necessary] legal materials" (Doc. 123). The district court denied Rivernider's request for release pending appeal (Doc. 127) but directed the clerk to send Rivernider copies of certain documents and to provide other documents if requested (Doc. 128), thus providing the relief that he sought. Rivernider later requested copies of various transcripts and of a letter that had been referenced at sentencing. *See* Docs. 136, 138. The court granted both requests. *See* Docs. 137, 143.

Rivernider now asks this Court to grant him release pending appeal, but for different reasons. *See* App. Doc. 35. Now he says he should be released because his appeal raises "substantial questions" about the district court's jurisdiction and about the reliability of evidence and witnesses at sentencing. *Id*. at 3–4. Specifically, he claims that "the transfer of supervised release jurisdiction from the District of Connecticut to the Middle District of Florida was invalid because the District of Connecticut was not informed of pending alleged supervised release violations at the time transfer was requested and accepted." *Id*. at 3. He cites no authority requiring such notice, however. *Id*.

3

He also claims that his "supervised release had already expired prior to initiation of the revocation proceedings once First Step Act credits are properly applied to the aggregate sentence." *Id*. But he cites no authority for that proposition, either. *Id*. And he seeks various other relief related to his requests for transcripts and other materials in the district court. *Id*. at 5–9.

## Argument

The Bail Reform Act, 18 U.S.C. § 3143, governs Rivernider's request for release pending appeal. He cannot meet his heavy burden to demonstrate eligibility for relief under the statute for several reasons, as we will explain. Before turning to that, though, we will address his arguments about transcripts and other materials. *See* Rivernider's motion at 5–9. The district court granted Rivernider's request for transcripts at the government's expense. *See* Doc. 137 at 1–2. The court reporter filed two transcripts on May 21, 2026. *See* Docs. 146–47. The remaining transcripts—including the transcript of Rivernider's final revocation hearing—are due on or before June 22, 2026 (less than three weeks from now), *see* Doc. 145 at 1, as Rivernider acknowledges on page 7 of his motion. The court likewise granted his request for a copy of the letter that he mentions on page 5 of his motion. *See* Doc. 124. If it becomes necessary to seek to enforce those orders, Rivernider's recourse would lie in the district court, not here. Accordingly, Rivernider demonstrates no right to relief from

this Court regarding transcripts or other materials (nor any need for such relief).

Regardless, Rivernider cannot show that he is eligible for release pending appeal, mainly because he did not present his current arguments to the district court. The court therefore made no determination about whether or not Rivernider would pose a flight risk or a danger to the community (or both) if released. *See* 18 U.S.C. § 3143(b). Those threshold factual findings are prerequisites for release pending appeal. *Id.*

"A party entitled to do so may obtain review of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction." Fed. R. App. P. 9(b). The Bail Reform Act of 1984 governs requests for release pending appeal. *See* Fed. R. App. P. 9(c) ("The court must make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, and 3145(c).").

The Bail Reform Act imposes stringent limits on the availability of bail pending appeal. *See* 18 U.S.C. §§ 3143, 3145; Eugene Gressman et al., *Supreme Court Practice* § 17.15, at 884–85 (9th ed. 2007). It requires that a convicted criminal who has been sentenced to imprisonment shall be detained pending

appeal unless he establishes:

    (1)    by clear and convincing evidence, that he is unlikely to flee if released;

    (2)    by clear and convincing evidence, that he is unlikely to pose a danger to the safety of any other person or to the community if released;

    (3)    that his appeal is not for the purpose of delay;

    (4)    that his appeal raises a substantial question of law or fact; **and**

    (5)    that resolution of that question favorably to the appellant is likely to result in

        (i)    reversal of all counts of conviction on which imprisonment has been imposed,

        (ii)    an order for new trial of all counts on which imprisonment has been imposed,

        (iii)    a sentence that does not include a term of imprisonment, or

        (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b) (emphasis added); *see United States v. Giancola*, 754 F.2d 898, 900–01 (11th Cir. 1985). In placing the burden on the appellant, Congress concluded that "[o]nce guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal," and that "release of a criminal appellant into the community after conviction

6

may undermine the deterrent effect of the criminal law." *See* S. Rep. No. 98–147 at 53 (1983). The purpose of the Bail Reform Act was to "limit [the] availability" of release pending appeal by "chang[ing] the [old] presumption" against detainment, "so that the conviction is [now] presumed correct and the burden is on the convicted defendant to overcome that presumption." *Giancola*, 754 F.2d at 900–01.

Although a defendant may ask an appellate court for release pending appeal—as Rivernider does—such motions "are actually requests for appellate review of a district court's order." *United States v. Meister*, 744 F.3d 1236, 1239 (11th Cir. 2013) (addressing request for release under 18 U.S.C. § 3145). A "motion in the district court" is a "prerequisite" for release pending appeal. *In re Smith*, 823 F.2d 401, 401 (11th Cir. 1987); *see also* Fed. R. App. Proc. 9(b) (providing for review of district-court orders).

Rivernider filed in the district court a "motion for release pending appeal, or in the alternative, for access to legal materials." Doc. 123. In resolving that motion, however, the district court did not need to address the criteria for release and it made no findings about the prerequisites. *See* Doc. 123. That's because Rivernider requested release merely as an alternative form of relief, to the extent necessary to allow him to "prepare appellate filings" and to "prevent irreparable harm to his appellate rights," if he could not otherwise

receive legal materials. Doc. 123 at 3. But federal courts lack authority to grant release pending appeal simply to facilitate a defendant's *pro se* litigation; they may grant release only in the limited circumstances that Congress allowed. *See* § 1343(b). Here, Rivernider asserted in the district court that he was "not a flight risk or a danger to the community" (two prerequisites) but he did not contend that this appeal would present a "substantial question of law or fact" likely to result in favorable relief (another prerequisite). Doc. 123 at 3. Thus, despite the caption of Rivernider's motion, the district court had no basis to find him eligible for release pending appeal, and therefore no reason to make factual findings about any prerequisites. *See* 18 U.S.C. §§ 1343(b)(4)–(5). The court did not address, for instance, whether Rivernider had shown by "clear and convincing evidence" that he would be unlikely to flee and unlikely to pose a danger to the community if released. Instead, the court appropriately granted the relief that was the basis of Rivernider's motion: access to the requested legal materials. *Id.*; Docs. 124, 127–28. In other words, the district court made no findings about any prerequisites for release pending appeal because Rivernider's request for release was facially insufficient and, in any event, unnecessary for the relief that he sought (access to legal materials so he could "prepare appellate filings").

Rivernider now asks this Court to grant him release pending appeal on

different grounds. He now claims that his appeal presents substantial questions of law or fact (his motion at 3–4), as we mentioned above, but he does not address his risk of flight or danger to the public. Whether or not he had addressed those things here, though, appellate courts *review* district courts' factual findings regarding eligibility for release pending appeal; they do not make *de novo* findings about risk of flight or dangerousness. *See Meister*, 744 F.3d at 1239. Because Rivernider failed to advance those arguments below, and the district court thus made no such findings, there is no basis in the record for this Court to assess Rivernider's risk of flight or his dangerousness, and therefore no ground for this Court to grant release pending appeal. *Cf. Meister*, 744 F.3d at 1239 (noting that determinations under 18 U.S.C. § 3145(c)— which allows release for "exceptional reasons"—"are to be made in large part by the district court," subject to appellate review by this Court).

Accordingly, Rivernider has not met his burden to establish a right to relief under the Bail Reform Act and Rule 9 of the Federal Rules of Appellate Procedure. This Court should deny his motion. The United States will respond to Rivernider's purported issues of law or fact if he raises them in his brief.

9

# Conclusion

For these reasons, this Court should deny Rivernider's motion.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

EMILY C. L. CHANG
Assistant United States Attorney
Appellate Division

By:   *s/ Sean Siekkinen*
SEAN SIEKKINEN
Assistant United States Attorney
Appellate Division
USA No. 192
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000
sean.siekkinen@usdoj.gov

10

## Certificate of Compliance with Type-Volume Limitation

This response, which contains 1996 countable words, complies with Fed. R. App. P. 27(d)(2)(A) and Fed. R. App. P. 32(a)(5), (6).

# Certificate of Service

I certify that on June 4, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

ROBERT H. RIVERNIDER
Reg. No. 96006-004
FCI Beckley – Inmate Legal Mail
P.O. Box 350
Beaver, WV 25813

*Defendant-appellant, pro se*

s/ *Sean Siekkinen*
SEAN SIEKKINEN
Assistant United States Attorney