July 21, 2026

U.S. COURT OF APPEALS
RECEIVED
CLERK
JUL 24 2026
ATLANTA, GA

Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

**Re:** United States v. Robert Rivernider
**Appeal No. 25-14369** — J

Dear Clerk:

Enclosed for filing are the following documents in the above-captioned appeal:

1. Appellant's Motion for Exemption/Waiver concerning the transcript and record requirements.
2. Appellant's Opening Brief.
3. Certificate of Compliance.
4. Certificate of Service.

Copies of the enclosed filings have been served upon counsel for the United States in accordance with Federal Rule of Appellate Procedure 25.

Please file the enclosed documents in the record of this appeal. If any additional information or correction is required, please notify me.

Thank you for your attention to this matter.

Respectfully submitted,

Robert Rivernider
Appellant, Pro Se

Federal Register No. [Your Register Number]
FCI Beckley Satellite Camp
Federal Correctional Institution Beckley
P.O. Box 350
Beaver, WV 25813

U.S. COURT OF APPEALS
RECEIVED
CLERK
JUL 24 2026
ATLANTA, GA

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**No. 25-14369-J**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff-Appellee,<br><br>v.<br><br>**ROBERT RIVERNIDER,**<br>Defendant-Appellant. | Appeal from the<br>United States District Court<br>for the Middle District of Florida<br><br>D.C. No.<br>5:24-cr-00138-TPB-PRL-1 |

# APPELLANT'S MOTION TO CONFIRM EXEMPTION FROM FILING AN APPENDIX AND TO ENSURE CERTIFICATION AND TRANSMISSION OF THE COMPLETE RECORD

Robert Rivernider, Pro Se
Reg. No. 96006-004
FCI Beckley Satellite Camp
P.O. Box 350
Beaver, West Virginia 25813

U.S. COURT OF APPEALS
RECEIVED
CLERK
JUL 24 2026
ATLANTA, GA

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Appellant Robert Rivernider identifies the following persons and entities that have or may have an interest in the outcome of this appeal:

Barber, Hon. Thomas P. - United States District Judge
Chatigny, Hon. Robert N. - United States District Judge, District of Connecticut
Frost, Robert M., Jr. - Prior Connecticut counsel for Appellant
Gladson, William - Florida state prosecutor and author of the September 8, 2025 letter
Hamilton, William S. - Assistant United States Attorney
Lammens, Hon. Philip R. - United States Magistrate Judge
Padilla, Erik - United States Probation Officer
Rivernider, Robert - Defendant-Appellant, pro se
United States Attorney's Office for the Middle District of Florida
United States District Court for the District of Connecticut
United States District Court for the Middle District of Florida
United States of America - Plaintiff-Appellee
United States Probation Office
Victims identified in the sealed presentence investigation report and restitution records in the underlying District of Connecticut case

Appellant certifies that no publicly traded company or corporation has an interest in the outcome of this appeal.

## APPELLANT'S MOTION TO CONFIRM EXEMPTION FROM FILING AN APPENDIX AND TO ENSURE CERTIFICATION AND TRANSMISSION OF THE COMPLETE RECORD

Appellant Robert Rivernider, an incarcerated litigant proceeding pro se, respectfully moves for an order confirming that he is exempt from filing an appendix and ensuring that the complete district-court record - including all designated transcripts and necessary exhibits - is certified and made available to this Court. This is a procedural motion under Federal Rules of Appellate Procedure 10(e), 11, and 27, and Eleventh Circuit Rules 11-2, 12-1, and 30-1(b)-(c).

## GROUNDS FOR RELIEF

1. Appellant is incarcerated at FCI Beckley Satellite Camp and is proceeding without counsel in this criminal appeal from the revocation judgment entered in Middle District of Florida Case No. 5:24-cr-00138-TPB-PRL-1.

2. The appeal requires review of multiple hearings and a substantial documentary record. Appellant designated transcripts of the proceedings held on June 25, July 9, August 26, October 24, and December 12, 2025. Together, those transcripts comprise hundreds of pages and are central to the issues raised in Appellant's opening brief. Other central record items include Appellant's September 10 and September 29, 2025 disclosure requests, Assistant United States Attorney William S. Hamilton's October 20, 2025 disclosure letter and enclosure list, the January 14, 2025 warrant or violation materials, and Middle District of Florida Dockets 2 through 7.

**3.** Eleventh Circuit Rule 30-1(c) expressly provides that an incarcerated pro se party is not required to file an appendix. That exemption applies directly to Appellant and eliminates any obligation that he personally reproduce and mail the designated transcripts or other record materials as an appendix.

**4.** Eleventh Circuit Rule 30-1(b) separately assigns the appendix obligation in an appeal by an incarcerated pro se party to counsel for the appellee. Appellee's counsel must submit an appendix containing the specific pages of record materials referred to in the argument sections of both parties' briefs that are relevant to the resolution of an issue on appeal.

**5.** The rules governing the record on appeal independently require the district clerk to manage the official record. Federal Rule of Appellate Procedure 11(b)(2) requires the district clerk, when the record is complete, to number the documents constituting the record and promptly send them to the circuit clerk with a corresponding list.

**6.** Eleventh Circuit Rule 11-2 makes the district clerk responsible for determining when the record is complete and for certifying to the parties and this Court that the record - including the designated transcripts and all necessary exhibits - is complete for purposes of appeal. Rule 12-1 further provides that when transcripts are ordered, the record is deemed completed and filed on the date the court reporter files the transcript with the district court.

7. Appellant therefore should not be required to copy and mail the transcripts himself. The official transcripts should remain part of the district-court record, be certified as complete, and be available to this Court through the ordinary electronic-record and transmission procedures. The district clerk should also determine whether the September requests, Hamilton's October 20 letter and enclosure list, the January 14 materials, and Dockets 2 through 7 were filed, lodged, submitted, or otherwise part of the proceedings below, and include them if they are part of the district-court record. This motion does not seek to add material that was never before the district court or otherwise enlarge the record.

8. If the status of any identified item is disputed or cannot be determined from the docket, Appellant requests a district-court determination under Federal Rule of Appellate Procedure 10(e) as to whether the item was before the court and omitted from the record. Appellant does not invoke Rule 10(e) to create a new record. If an item was not before the district court, Appellant preserves any separate request for a limited remand, in camera review, or other appropriate procedure.

9. Confirmation is warranted because this appeal previously encountered transcript-order and record-processing difficulties, including dismissal and later reinstatement. A short order clarifying Appellant's exemption and the

clerks' respective record duties will prevent another procedural misunderstanding and permit the appeal to be decided on the merits.

10. Appellant will provide precise citations in his brief to the district-court docket entries, transcript pages, and line numbers. Appellee may then prepare the appendix required by Rule 30-1(b), without requiring Appellant to reproduce hundreds of pages from prison.

## PRIOR OR RELATED REQUESTS

Appellant previously requested expedited transmission or completion of the record in connection with emergency-release and record-completeness filings. This motion is narrower. It principally seeks confirmation of the express appendix exemption in Rule 30-1(c) and implementation of the ordinary certification and transmission duties established by Rules 11 and 12. No court has denied this specific request for confirmation of the incarcerated-pro-se appendix exemption.

## POSITION OF APPELLEE

Because Appellant is incarcerated, proceeds pro se, and must communicate and file by mail, he has not been able to confer with counsel for Appellee before filing this motion. Appellee's position is unknown.

## RELIEF REQUESTED

For these reasons, Appellant respectfully requests that the Court:

**A.** confirm that, as an incarcerated pro se appellant, he is not required to prepare, reproduce, or file an appendix under Eleventh Circuit Rule 30-1(c);

**B.** confirm that failure to file an appendix will not be treated as a deficiency or a failure to prosecute this appeal;

C. direct or request the Clerk of the Middle District of Florida to determine and certify that the record is complete and to ensure that the transcripts of the June 25, July 9, August 26, October 24, and December 12, 2025 proceedings, together with all necessary exhibits and docket materials - including the September 10 and September 29 disclosure requests, Hamilton's October 20 letter and enclosure list, the January 14 materials, and Dockets 2 through 7, to the extent they were before the district court - are included in or made available as part of the official record on appeal;

D. if the record status of any identified item is disputed, direct the district court to determine under Rule 10(e) whether the item was before it and omitted from the transmitted record;

E. direct Appellee to comply with Eleventh Circuit Rule 30-1(b) by filing the relevant pages cited in the argument sections of Appellant's and Appellee's briefs; and

F. grant any further procedural relief necessary to ensure that the appeal is reviewed on the complete official record without requiring Appellant to copy and mail hundreds of transcript pages.

Respectfully submitted,

/s/ Robert Rivernider
Robert Rivernider, Pro Se
Reg. No. 96006-004
FCI Beckley Satellite Camp
P.O. Box 350
Beaver, West Virginia 25813

Dated: July 21, 2026

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,107 words, excluding the portions exempted by Rule 32(f). It complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in 14-point Times New Roman, a proportionally spaced typeface.

/s/ Robert Rivernider
Robert Rivernider, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on July 21, 2026, a true and correct copy of this motion was placed in the United States Mail, first-class postage prepaid, addressed to:

Office of the United States Attorney
Middle District of Florida
35 S.E. 1st Avenue, Suite 300
Ocala, Florida 34471

The original was separately placed in the United States Mail for filing with:

David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

/s/ Robert Rivernider

Robert Rivernider, Pro Se
Reg. No. 96006-004
FCI Beckley Satellite Camp
P.O. Box 350
Beaver, West Virginia 25813