No. 25-14369-J

In the
# United States Court of Appeals for the Eleventh Circuit

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ROBERT H. RIVERNIDER,
*Defendant-Appellant*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
NO. 5:24-CR-138-TPB-PRL-1

# UNITED STATES' NOTICE OF OPPOSITION TO APPELLANT'S MOTION TO "SUPPLEMENT" HIS PREVIOUS MOTION


GREGORY W. KEHOE
United States Attorney

TIFFANY CUMMINS NICK
Assistant United States Attorney
Appellate Division

SEAN SIEKKINEN
Assistant United States Attorney
Appellate Division
USA No. 192
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000


August 17, 2026

In the United States Court of Appeals
for the Eleventh Circuit

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v. No. 25-14369-J

ROBERT H. RIVERNIDER,
*Defendant-Appellant*

---

**United States' Notice of Opposition to Appellant's Motion to "Supplement" His Previous Motion**

The United States opposes Rivernider's motion to "supplement" (App. Doc. 43) his previous motion for release pending appeal (App. Doc. 35). We have already explained why Rivernider is not entitled to the extraordinary remedy of release pending appeal. *See* App. Doc. 37. The documents that he belatedly submits don't move the needle and should not be considered regardless. As we've explained, appellate courts *review* district courts' findings regarding release pending appeal. Appellate courts are not equipped to make the myriad factual findings that the Bail Reform Act requires. *See* 18 U.S.C. § 3143(b); App. Doc. 37 at 5–9. A district judge should determine in the first instance, among other things, whether a defendant (1) is likely to flee and (2) would pose a risk to the community. *See* 18 U.S.C. § 3143(b)(1)–(2); *United States v. Giancola*, 754 F.2d 898, 900–01 (11th Cir. 1985); *United States v. Meister*,

744 F.3d 1236, 1239 (11th Cir. 2013); *In re Smith*, 823 F.2d 401, 401 (11th Cir. 1987). It would be inappropriate to attempt to make those determinations now, based solely on the documents attached to Rivernider's motion, without the benefit of a full adversarial hearing. The district court did not address these things because, as we explained, Rivernider argued below that he should be released simply to facilitate his *pro se* appeal; he gave no valid need or reason for release, so the district court did not determine whether he met the other requirements. *See* App. Doc. 37 at 7–8. Regardless, even if Rivernider could now show "by clear and convincing evidence"—as the Bail Reform Act requires—that he is not likely to flee and would not pose a risk to the community, release still would not be warranted because he cannot demonstrate a "substantial question of law or fact" likely to result in favorable relief on appeal. *See* 18 U.S.C. § 3143(b)(4)–(5). Accordingly, Rivernider's motion for release pending appeal (App. Doc. 35) and his motion to supplement that motion (App. Doc. 43) should be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

TIFFANY CUMMINS NICK
Assistant United States Attorney
Appellate Division

By: *s/ Sean Siekkinen*

SEAN SIEKKINEN
Assistant United States Attorney
Appellate Division
USA No. 192
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000
sean.siekkinen@usdoj.gov

## Certificate of Compliance with Type-Volume Limitation

This response, which contains 349 countable words, complies with Fed. R. App. P. 27(d)(2)(A) and Fed. R. App. P. 32(a)(5), (6).

## Certificate of Service

I certify that on August 17, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

ROBERT H. RIVERNIDER
Reg. No. 96006-004
FCI Beckley – Inmate Legal Mail
P.O. Box 350
Beaver, WV 25813

*Defendant-appellant, pro se*

*s/ Sean Siekinnen*
SEAN SIEKKINEN
Assistant United States Attorney